**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAN DiIORIO, Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 11-5288 |
| SANCASSIANO, S.P.A., Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.** **OCTOBER 17, 2012**

Presently before this Court is Plaintiff, Dan DiIorio's, Motion for Default Judgment. For the reasons set forth below, this Motion is denied.

## I. FACTS

This case is a products liability and negligence action where Plaintiff, Dan DiIorio ("Plaintiff"), alleges he suffered injuries while servicing a mixer designed and manufactured by Defendant, SanCassiano, S.P.A. ("Defendant"). (Compl. at ¶ 16.) Plaintiff is a resident and citizen of Pennsylvania. (Id. at ¶ 1.) Defendant is an Italian corporation with its principal place of business in Roddi d'Alba (Cuneo) Piemonte, Italy. (Id.. at ¶ 2.) Defendant is engaged in the business of designing, manufacturing, selling and installing mixing systems for the confectionary and baking good industries. (Id. at ¶ 3.) On March 17, 2010, Plaintiff was servicing a mixer designed and manufactured by Defendant when a component of the mixer unexpectedly moved backward injuring Plaintiff's left wrist. (Id. at ¶ 16.)

On August 19, 2011, Plaintiff filed a Complaint against Defendant for damages resulting

from the allegedly defective mixer. (See Doc. No. 1.) Plaintiff successfully provided service to the foreign Defendant in accordance with the Hague Convention[1] on October 13, 2011. (See Doc. No. 3.) On January 30, 2012, counsel for Plaintiff sent Defendant a letter in both English and Italian notifying Defendant that it was in default for failing to answer, plead or otherwise respond to the Complaint. (Pl.'s Mot. for Default J. at ¶ 5.) After Defendant failed to act in response to the letter, Plaintiff sent another letter in English and Italian on March 5, 2012, notifying Defendant of Plaintiff's intent to obtain a default judgment against it under Federal Rule of Civil Procedure 55. (Id. at ¶ 7.)

On September 6, 2012, more than a year after filing the Complaint, Plaintiff filed a request for default judgment with the Clerk of Court. (See Doc. No. 3.) Thereafter, without receiving the Clerk's entry of default, Plaintiff filed a Motion for Default Judgment with this Court on September 17, 2012. (See Doc. No. 5.) On October 3, 2012, Defendant filed a Response in Opposition to Plaintiff's Motion for Default Judgment asserting that granting Plaintiff's Motion would be procedurally improper because the Clerk of Court had not entered an entry of default. (See Doc. No. 10.) At the time of this Memorandum Opinion, there has been no entry of default entered by the Clerk of Court.

## II. STANDARD OF REVIEW

A default judgment may be entered where a party fails to plead or otherwise defend. See Fed. R. Civ. P. 55; see also Black's Law Dictionary (9th ed. 2009). Defaults are not favored by courts because they do not reach a decision on the merits. Momah, M.D. v. Albert Einstein Med.

[1] The Hague Convention is an international treaty governing procedures for effecting service of process in a foreign country. Black's Law Dictionary (9th ed. 2009).

Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995). Therefore, in close cases the interests of justice warrant a decision on the merits rather than a default judgment. Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).

Federal Rule of Civil Procedure 55 governs the procedures for entry of default and default judgment. See Fed. R. Civ. P. 55. In light of Rule 55, the United States Court of Appeals for the Third Circuit ("Third Circuit") has set forth a two-step process for attaining a default judgment. Husain v. Casino Control Com'n, 265 Fed. App'x 130, 133 (3d Cir. 2008) (citing 10A Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2682 (2007)). First, a party must successfully request the Clerk of Court to enter the other party's default. Fed. R. Civ. P. 55(a); Husain, 265 Fed. App'x at 133. Second, after receiving the Clerk's entry of default, the party must submit a motion for default judgment to the court. Fed. R. Civ. P. 55(b); Husain, 265 Fed. App'x at 133. Adherence to this procedural sequence is essential as courts have consistently held that the Clerk must first enter a default in order to proceed with a motion to grant default judgment. Husain, 265 Fed. App'x at 133 (finding that entry of default by the Clerk is a "general prerequisite" to attain a default judgment by the court); see also Limehouse v. Delaware, 144 F. App'x 921, 923 (3d Cir. 2008) (affirming court's denial of default judgment where plaintiff failed to obtain entry of default); Bensalem Park Maint., Ltd. v. Metro. Reg'l Council of Carpenters, No. 11-2233, 2011 WL 2633154, at *4 (E.D. Pa. July 5, 2011) (denying motion for default as procedurally improper in absence of entry of default).

## III. DISCUSSION

The sole issue before this Court is whether granting a default judgment in favor of Plaintiff is proper. Defendant contends that Plaintiff has ignored the two-step process necessary

to garner default judgment. Specifically, Defendant asserts that Plaintiff failed to satisfy the first requirement of Rule 55 by attaining an entry of default judgment by the Clerk of Court. Thus, Defendant argues that Plaintiff's Motion for Default Judgment should be denied as premature and procedurally improper.

A review of the docket supports Defendant's contentions that an entry of default has not been entered by the Clerk of Court. In spite of the absence of the entry, Plaintiff filed a Motion for Default Judgment with this Court. The relevant case law is clear that in the absence of an entry of default by the Clerk of Court, courts are precluded from granting a motion for default judgment. Husain, 265 Fed. App'x at 133; Limehouse, 144 F. App'x at 923; Bensalem Park, 2011 WL 2633154, at *4; Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare, Vacation and Finishing Trades Inst. Funds, et al., v. Village Glass Inc., No. 11-1023, 2012 WL 209076, at *1 (D.N.J. Jan. 24, 2012); Composition Roofers Local No. 10 Pension Fund v. VMG Group, No. 12-343, 2012 WL 1207219, at *1 (D.N.J. Apr. 10, 2012). Thus, Plaintiff's failure to follow the proper procedure is fatal to his Motion for Default Judgment. Accordingly, Plaintiff's Motion for Default Judgment is denied.

An appropriate Order follows.